**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000845**
**23-APR-2019**
**07:55 AM**

NO. CAAP-17-0000845


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SEAN THONAS DAVIDSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-00026)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Sean Thonas Davidson (Davidson) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 22, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 15, 2017, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Davidson was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2018).[2]

---

[1] The Honorable Melanie M. May presided.

[2] HRS § 291E-61(a)(1) states:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Davidson contends (1) the District Court erred by partially denying his Motion to Suppress, and (2) there was insufficient evidence to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Davidson's points of error as follows:

(1) Davidson claims the District Court erred by partially denying his Motion to Suppress because (1) his right to remain silent was violated, (2) he was subjected to custodial interrogation prior to and during a traffic stop, (3) he was not advised of his Miranda rights, and (4) he was denied his right to an attorney.

Whether the District Court improperly denied in part Davidson's Motion to Suppress is moot because the District Court did not rely upon any of Davidson's statements, either verbal or non-verbal, in finding him guilty of OVUII. The District Court stated, "The findings are also not based on the standardized field sobriety tests, although the court has not suppressed it. Again, the court is not relying on anything that happened during the standardized field sobriety test in making these findings." The District Court's findings supporting its verdict did not include any of Davidson's verbal or non-verbal communicative statements. Therefore, none of the verbal or non-verbal statements Davidson sought to suppress were considered by the District Court when finding Davidson guilty of OVUII.

(2) When the evidence adduced in the trial court is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to support Davidson's conviction. While Lieutenant Hayamoto (Lt. Hayamoto) was driving in the right lane at or near the speed limit on Kalanianaʻole Highway, a public way, street, road, or highway in the County of Honolulu, State of Hawaiʻi, he observed Davidson drive past him in the middle lane. He then followed Davidson's vehicle and observed Davidson drift to the right and straddle the lane marking for three car lengths, but he did not change lanes or signal.

2

Davidson then drifted left and straddled two lanes for approximately two or three car lengths, but he did not change lanes or signal. Davidson signaled and changed lanes due to a car in front of him but continued driving at the same speed. After stopping Davidson, Lt. Hayamoto smelled a strong odor of an alcoholic beverage coming from Davidson's breath and Davidson spoke with a heavy tongue or slurred speech. After Davidson agreed to perform the field sobriety tests and exited his vehicle Lt. Hayamoto observed Davidson was unsteady on his feet as he walked toward the back of his vehicle. He further observed Davidson had red, bloodshot, watery, and glassy eyes. Therefore, there was sufficient evidence that Davidson was under the influence of alcohol in an amount sufficient to impair a person's normal mental faculties or ability to care for the person and guard against casualty when he operated or assumed actual physical control of his vehicle on a public way, street, road, or highway in the County of Honolulu, State of Hawai'i.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 22, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 15, 2017, in the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED: Honolulu, Hawai'i, April 23, 2019.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3